FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 26 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MURRAY LEFFERS,

           Plaintiff,

v.

AMAZON, et al.,

           Defendants.

Case No. 3:19-CV-00327-MMD-CBC

REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE[1]

Before the Court is Plaintiff Murray Leffers ("Leffers") application to proceed *in forma pauperis* (ECF No. 1), and his pro se civil rights complaint (ECF No. 1-1). For the reason stated below, the Court recommends that the application to proceed *in forma pauperis* (ECF No. 1) be granted and the complaint (ECF No. 1-1) be dismissed with prejudice.

## I. *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Leffers cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II. SCREENING STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

On June 14, 2019, Leffers filed a civil rights complaint with the Court alleging "… 1,000 counts or more" against numerous defendants, including Amazon's founder and chairman, Jeff Bezos. (ECF No. 1-1 at 6). Leffers seeks "2 billion dollars[,] Bezos lunch money" for "5 – books in stages of development [and] a 36 page 14,178 word run-on sentence," which Amazon added their "secret code" to. (*Id.* at 1-5, 10).

The complaint appears to be based on fantastic scenarios lacking any arguable factual basis. Leffers states that he seeks "2 billion dollars[,] Bezos lunch money" for "5 – books in stages of development [and] a 36 page 14,178 word run-on sentence," which Amazon added their "secret code" to. (*Id.* at 1-5, 10). Leffers also states he felt defendants were "doing something untoward" and provides a narrative of what has occurred regarding his book. (*Id.* at 10-17). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Leffers' largely incomprehensible narrative makes it nearly impossible

for the court to identify the factual or legal basis for his claims.

Leffers states no claim upon which relief may be granted, and given the vague nature of the allegations, amendment would be futile. *See Cato*, 70 F.3d at 1106. Accordingly, the Court will recommend that the complaint be dismissed with prejudice.

## IV. CONCLUSION

Consistent with the foregoing, the Court finds dismissal is warranted under 28 U.S.C. 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

The parties are advised:

1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be granted;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1); and

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE**.

DATED: August 26, 2019.

_____
UNITED STATES MAGISTRATE JUDGE